IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CARROL OWENS,

                Petitioner,

v.                                          CIVIL ACTION NO.   5:11-cv-00864

JOEL ZIEGLER,

                Respondent.

MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

The Court has reviewed Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document 1) filed on November 7, 2011, wherein Petitioner argues that the Bureau of Prisons ("BOP") is improperly denying him a sentence reduction pursuant to 18 U.S.C. § 3621.  By Standing Order (Document 3) entered on November 7, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On August 9, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations ("PF&R") (Document 13), wherein it is recommended that the Court dismiss Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus*, deny Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Document 10) and remove this matter from the Court's docket.  On August 24, 2012, Petitioner timely filed his objections to the PF&R.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

While incarcerated at FCI-Beckley, Petitioner was enrolled in the Residential Drug Abuse Program ("RDAP"). On October 6, 2011, Petitioner alleges he was informed that the History Channel would no longer be available on the educational television in the RDAP community because "one black inmate complained that the History Channel showed nothing but racist propaganda." (Document 1 at 2.)  On October 12, 2011, Petitioner alleges he tried to diplomatically resolve this issue by filing a complaint with his Drug Treatment Specialist, William Carnell, but then Mr. Carnell instructed his "Inmate Hit Team" to deal with Petitioner. (*Id*. at 4-5.) On October 17, 2011, Petitioner filed a B-9 grievance alleging Mr. Carnell retaliated against him. (*Id*.)  The following day, Petitioner alleges he was kicked out of the RDAP program. (*Id*.) Petitioner argues he has been denied due process by Carnell's actions because the BOP is required to provide him drug and alcohol abuse treatment as ordered by his sentencing judge. (*Id*. at 5.) Further, Petitioner alleges Carnell violated 28 C.F.R. § 550.53(g) by removing Petitioner from RDAP without giving him a formal warning. (*Id*.)  Petitioner alleges he was "denied the liberty interest in the incentive time off of his sentence for the completion of RDAP without due process in violation of the 5th Amendment." (*Id*.)  Petitioner acknowledges he failed to exhaust his administrative remedies, but argues he should be excused because he would have been released in April of 2012 had he not been kicked out of the RDAP program. (*Id*. at 4.)  Petitioner asks the Court to order the BOP to reinstate him into the RDAP program. (*Id*. at 7.)

On February 6, 2012, Petitioner filed a Motion for Preliminary Injunction and Temporary Restraining Order, wherein he contends Mr. Carnell continues to "send members of the RDAP program to threaten, harass, intimidate, and attempt to pay [him] off with bribes." (Document 10 at

2

2.) Petitioner argues he continues to suffer irreparable harm for his expulsion from RDAP program because this significantly altered his release date.

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

### A. *Magistrate Judge's PF&R*[1]

The Magistrate Judge first found that "Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action." (Document 11 at 6.) As noted, Petitioner admitted he

---

[1] Petitioner alleges he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. (*Id*.) Moreover, Petitioner alleges he was "denied equal protection against racial discrimination in violation of the 1st, 5th, and 14th Amendments." (*Id*. at 7.) Petitioner did not object to the Magistrate Judge's proper finding that Eighth Amendment and equal protection claims are not cognizable in *habeas* proceedings. (Document 11 at 2, n. 3.) The Court need not address findings to which no objection is filed.

3

failed to exhaust his administrative remedies. Next, the Magistrate Judge addressed Petitioner's argument that he should be excused from exhausting his administrative remedies. The Magistrate Judge noted that "[e]xhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury." (*Id*.) However, the Magistrate Judge indicated that "[i]t is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement." (*Id*.)(citing *See Wright v. Warden*, 2010 WL 1258181,*1(D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark")). Therefore, the Magistrate Judge found Petitioner should not be excused from exhausting his administrative remedies and recommends that the Petition be dismissed for failure to exhaust. (Document 11 at 7.)

Although the Magistrate Judge recommends dismissal on exhaustion grounds, he also considered Petitioner's substantive claim. The Magistrate Judge indicated that "[a]n inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement." (Document 11 at 8) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 (1979)). The Magistrate Judge indicated that prisoners are entitled to rights "not taken away, expressly or by implication, in the original sentence to confinement." (*Id*.) (citing *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991)). However, the Magistrate Judge correctly noted this entitlement

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). The Magistrate Judge then

4

properly stated the legal prerequisites for establishing a deprivation of a liberty interest with respect to RDAP. "Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life." (Document 11 at 8.) (citing *See Sandin*, 515 U.S. at 483-84.) The Magistrate Judge concluded 18 U.S.C. § 3621(e) "vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program." (*Id*. at 9) (citing 18 U.S.C. § 3621(e); *see also Lopez v. Davis*, 531 U.S. 230, 232 (2001)). The Magistrate Judge found the "BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e)." (*Id*. at 10.)

The Magistrate Judge concluded the Petitioner does not have a constitutionally protected expectation interest in receiving a sentence reduction. (*Id*.) Further, the Magistrate Judge found "[n]either Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release." (*Id*.) Thus, the Magistrate Judge concluded Petitioner does not possess a statutorily protected expectation interest in early release. (*Id*. at 11.) Finally, the Magistrate Judge concluded the determination that Petitioner is ineligible for early release does not amount to an "atypical and significant hardship" in relation to the ordinary incidents of prison life. (*Id*.) "Because nothing in the record indicates that Petitioner's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship," the Magistrate Judge found that Petitioner has failed to

5

demonstrate a due process violation and thus, does not possess a constitutionally protected interest in early release or reinstatement in RDAP. (*Id.*)

## B. *Petitioner's Objections*

Petitioner makes several objections to the Magistrate Judge's finding that he does not possess a constitutionally or statutorily protected liberty interest in early release.[2] (*Id.* ¶¶ 3,6-9) First, Petitioner contends he has a protected liberty interest with respect to the RDAP program because he was already enrolled and participating in the program and upon completion he would have been released early. (Document 13 ¶ 3.)  Second, Petitioner argues his claim is different than *Greenholtz* and *Gaston* because those cases dealt with parole board hearings, while his case deals with expulsion from RDAP which caused a delayed release date. (*Id.* ¶ 6.)  Third, Petitioner argues his case is distinguishable from *Sandin* because he was expelled from RDAP program as opposed to not being admitted into the RDAP program. (*Id.* ¶ 7.)  Fourth, Petitioner appears to concede that § 3621(e) vests the BOP with discretionary authority to reduce a prisoner's sentence. (*Id.* ¶ 8.)  However, he then states:

> [b]e that as it may, on [July 21, 2011] the (RDAP-C) J. Moore, Ph.D. submitted (BP-A0942) 'Request for § 3621(e) Offense Review Form' to the (DSSC) in Grand Prarie, Tx. On [July 25, 2011] Assistant General Counsel approved the request for early release incentive and petitioner would no doubt have received the early release incentive as it is a regular practice to award inmates who have completed RDAP with the early release incentive. Therefore, petitioner was entitled to receive the early release incentive upon completion of RDAP and by erroneously expelling petitioner from the RDAP program without due process in effect denied a protected liberty in the early release incentive . . . [.]

(*Id.*) Finally, Petitioner argues his erroneous expulsion from the RDAP program was an "atypical and significant hardship" because this "altered and modified his term of imprisonment." (*Id.* ¶ 9.)

---

[2]  Petitioner argues his expulsion from RDAP was in retaliation for filing a grievance against Mr. Carnell. (Document 13 ¶ 1.) In essence, Petitioner is challenging his expulsion from RDAP in violation of his due process rights.

6

To demonstrate a due process violation, the Petitioner must show he was deprived of a liberty interest protected under the Fifth Amendment. *Greenholtz,* 442 U.S. at 7. The Supreme Court clearly held a prisoner has no constitutional or inherent right in being released before the completion of lawful sentence. *Greenholtz*, 442 U.S. at 7; *see also Sandin,* 515 U.S. at 484 (1995). Furthermore, several courts have held that there is no protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the RDAP. *See Cook v. Wiley,* 208 F.3d 1314, 1322–23 (11th Cir. 2000); *Orr v. Hawk,* 156 F.3d 651 (6th Cir. 1998); *Santiago–Lebron v. Fla. Parole Comm'n,* 767 F.Supp.2d 1340, 1351 (S.D. Fla. 2011) ("It is well established that inmates have absolutely no constitutional right to, or other protected liberty interest in, either participating in RDAP or receiving a sentence reduction for completing such a program."). A Fourth Circuit Magistrate Judge found "no authority that construes § 3621 as conferring upon an inmate a private right of action based on expulsion or exclusion from an RDAP program . . . [.]" *Mack v. Fed. Bureau of Prisons*, CA 4:10-567-HMH-TER, 2011 WL 3419376 (D.S.C. May 23, 2011) *report and recommendation adopted*, CA 4:10-567-HMH-TER, 2011 WL 3419373 (D.S.C. Aug. 3, 2011) *aff'd,* 459 F. App'x 213 (4th Cir. 2011).

The Court finds Petitioner's objections are without merit because his participation in and expulsion from the RDAP program is not a protected liberty interest under the Due Process Clause. Furthermore, the Petitioner would have no protected liberty interest in an "early release" even had he completed the program. Finally, to the extent Petitioner argues expulsion from the RDAP program is an "atypical and significant hardship," such objection is without merit because his sentence was not altered or modified. Rather, he is simply not receiving a "possible" incentive reduction which he would have received only if he completed RDAP *and* the BOP used its

7

discretion to release him early. Further, the Court finds Petitioner's perceived hardship is not different from any other prisoner who is expelled from the RDAP program. Accordingly, the objections are overruled and the Petition should be dismissed.[3]

### IV.     CONCLUSION

Therefore, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 11) be **ADOPTED**. The Court **ORDERS** that Petitioner's Application Under 28 U.S.C. § 2241 For Writ of Habeas Corpus By a Person in State or Federal Custody (Document 1) be **DISMISSED** and Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Document 10) be **DENIED**. Finally, the Court **ORDERS** that this matter be removed from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     August 31, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] Petitioner makes three objections to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. (*Id.* ¶¶ 2, 4-5) Petitioner contends the Magistrate Judge analyzed his failure to exhaust as it relates to twelve (12) month RRC placement instead of his claim "based upon a protected liberty interest of up to (12) months incentive time off sentence, not (12) months RCC placement." (*Id.* ¶ 4.) Thus, Petitioner contends the standard should not apply and he should be excused from exhaustion. Further, Petitioner contends §2241 does not have an exhaustion requirement and can only be considered when the Respondent raises the issue as an affirmative defense. Also, Petitioner argues he fully exhausted his administrative remedies on several prior occasions. (*Id.* ¶ 2.) The Court finds a ruling on the exhaustion of administrative remedies objection is unnecessary in light the dismissal of the Petition on substantive grounds.